UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANNEL E. ALLEN and
SONYA COOK-FLUCKER,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES
and UAW LOCAL 6000,

        Defendants.
_____/

Case No. 4:23-cv-11639
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**ORDER DEEMING THE SECOND AMENDED COMPLAINT THE OPERATIVE PLEADING (ECF Nos. 16, 17) and REQUIRING PLAINTIFFS TO SHOW CAUSE & RECOMMENDATION TO DEEM MOOT DEFENDANT UAW LOCAL 6000'S MOTION TO DISMISS (ECF No. 13)**

On October 2, 2023, Judge Behm referred this case to me for pretrial matters. (ECF No. 19.) Having now perused the filings in this case, I make the following observations and rulings:

**A.**     **The Original and First Amended Pleadings Do Not Comply with Fed. R. Civ. P. 11(a).**

On July 7, 2023, Channel E. Allen and, purportedly, Sonya Cook-Flucker initiated the instant lawsuit against the Michigan Department of Health and Human Services (MDHHS) and, purportedly, the UAW Local 6000 ("the Union"). However, the case caption only listed MDHHS, and the complaint was only signed

1

by Channel E. Allen (*i.e.*, not by Cook-Flucker). (ECF No. 1, PageID.1-2, 6.) *See also* Fed. R. Civ. P. 10(a) ("Caption; Names of Parties."); Fed. R. Civ. P. 11(a) ("Signature.").

On August 17, 2023, the Clerk of the Court issued summonses for MDHHS and the Union. (ECF Nos. 8, 9.) On September 5, 2023 – before either Defendant was served – an amended complaint was filed, this time listing the Union in the caption. (ECF No. 10, PageID.36.) Also, it provided a more substantive "amended statement of claim." (*Compare* ECF No. 10-1, PageID.43-50; *with*, ECF No. 1, PageID.10.) Still, it was signed only by Channel E. Allen (*i.e.*, not by Cook-Flucker). (*See* ECF No. 10, PageID.41, 50.)

**B.     The Clerk of the Court Has Entered Default as to Defendant MDHHS.**

Plaintiff Allen filed proof of service of the summons and complaint upon the MDHHS at 13041 E. 10 Mile Road, Warren, MI 48089. (ECF No. 11, PageID.51-52.) The signature of receipt is dated September 7, 2023; therefore, in accordance with Fed. R. Civ. P. 12(a)(1), the Clerk of the Court noted that MDHHS's answer was due on September 28, 2023.

On September 29, 2023, Allen and Cook-Flucker filed a request for Clerk's entry of default as to MDHHS (ECF No. 14), which the Clerk entered the same day (ECF No. 15). *See* Fed. R. Civ. P. 55(a). On October 10, 2023, Plaintiffs filed a request for entry of default judgment (ECF No. 20), which the Clerk denied for

lack of an affidavit of sum certain (ECF Nos. 21, 22). *See* Fed. R. Civ. P. 55(b). Plaintiffs have more recently filed a motion for a default judgment as to Defendant MDHHS (ECF No. 25), which remains pending and will be addressed by the Undersigned under separate cover.

**C.    Plaintiffs' Second Amended Pleading Satisfies Rule 11(a).**

On October 2, 2023, within the time permitted by Fed. R. Civ. P. 15(a)(1)(B) ("21 days after service of a motion under Rule 12(b), (e), or (f)"), Plaintiffs filed what amounts to a second amended complaint. (ECF Nos. 16, 17.) Not surprisingly, this filing is signed by Allen and Cook-Flucker. (ECF No. 16, PageID.91; *see also* ECF No. 18.) The accompanying "amended statement of claim" was separately docketed and is also signed by each Plaintiff. (ECF No. 17, PageID.100.)

The general rule is that "an amended complaint supercedes all prior complaints." *See, e.g., Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008). Accordingly, the Court hereby construes Plaintiffs' second amended complaint (ECF Nos. 16, 17) as the operative pleading.

**D.    The Court Should Deem Moot The Union's Previously-Filed Motion to Dismiss.**

On September 26, 2023, via counsel, the Union filed a motion to dismiss, which sets forth several arguments, the most direct of which is "the complaint and amended complaint must be struck because they violate Rule 11(a)." (ECF No. 13,

3

PageID.61, 63, 65, 80; ECF No. 12.) The Court should deem this motion (ECF No. 13) **MOOT**, because it was filed before the now-operative, second amended complaint (ECF Nos. 16, 17), which, incidentally, addresses the Rule 11(a) issue.

**E.     This Court's Subject Matter Jurisdiction is Questionable.**

Lawsuits filed in this Court must provide a basis of jurisdiction, *e.g.*, federal question (28 U.S.C. § 1331), diversity of citizenship (28 U.S.C. § 1332), the United States as a Plaintiff (28 U.S.C. § 1345), and the United States as a Defendant (28 U.S.C. § 1346). By way of background, the original pleading asserts jurisdiction based on federal question, namely the Federal Tort Claims Act (FTCA), but also suggests that the U.S. Government is a defendant. (*See* ECF No. 1, PageID.3-4, 8.) The first and second amended pleadings make similar assertions, adding title VII of the Civil Rights Act of 1964. (ECF No. 10, PageID.38-39; ECF No. 16, PageID.88-89.)

**1.     Sections 1332, 1345 & 1346**

Clearly, the U.S. Government is not a Plaintiff in this case, so jurisdiction cannot be based on Section 1345. Also, contrary to Plaintiffs' suggestion (ECF No. 1, PageID.8), the U.S. Government is not a defendant in this case. The MDHHS is a department within the State of Michigan's executive branch.[1] And,

---

[1] *See* https://www.michigan.gov/som/government/branches-of-government/executive-branch (last visited Oct. 11, 2023).

4

the Union's own website explains that it "represents workers in every Department of State of Michigan government."[2] Therefore, jurisdiction cannot be based on Section 1346. Moreover, the original filing describes Plaintiff(s) and Defendant(s) as citizens of "this state," (ECF No. 1, PageID.8), *i.e.*, the State of Michigan. As a result, jurisdiction cannot be based on Section 1332.

2. **Section 1331**

In the operative pleading, Plaintiffs list two bases for federal question jurisdiction – the FTCA (28 U.S.C. §§ 2671, *et seq*.) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-2000e-17). (ECF No. 16, PageID.88-89; *see also* ECF No. 17, PageID.99.) Plaintiffs' FTCA claim should be withdrawn, because, as the Union argues in its now-moot motion to dismiss, "the Union and MDHHS are not a part of the federal government . . . ." (ECF No. 13, PageID.76-77.) *See also Brownback v. King*, 141 S. Ct. 740, 745 (2021) ("The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort suits against the Federal Government.") (citing 28 U.S.C. § 2674; *see also* § 1346(b)).

Although less clear cut, Plaintiff's Title VII of the Civil Rights Act of 1964 claim may also be problematic. For starters, Plaintiff alleges discrimination based at least on age and religion. (ECF No. 17, PageID.93, 99.) Thus, they would seem to rely on not only Title VII, which bars discrimination based on an "individual's

---

[2] *See* https://local6000.org/about-us (last visited Oct. 11, 2023).

5

race, color, religion, sex, or national origin[,]" *see*, *e.g.*, 42 U.S.C. § 2000e-2, but perhaps also on the Age Discrimination in Employment Act of 1967 (ADEA), *see* 29 U.S.C. §§ 621-634. In any event, keeping in mind the Union's now-moot motion to dismiss (ECF No. 13), Plaintiffs should still consider the Union's discrimination-related arguments, namely: (1) whether Plaintiffs timely exhausted administrative remedies (*see* ECF No. 13, PageID.71-73); and, (2) whether Plaintiffs have pleaded a plausible claim of discrimination (*see id.*, PageID.73-75). If the Union's arguments are correct, Plaintiffs should rethink their position and consider withdrawing their Title VII (and/or ADEA) claims, if not the case itself, perhaps refiling their state law causes of action (*see* below) in state court.

### 3. Section 1367

To be sure, Plaintiffs' "amended statement of claim" describes alleged harassment, "slander defamation," emotional distress, and "intentional infliction of mental suffering[,]" and, ultimately, cites Mich. Comp. Laws § 600.2911 ("Libel or slander"). (ECF No. 17, PageID.93-99.) However, if Plaintiffs cannot sustain one of their federal causes of action, then their alleged basis of federal question jurisdiction under 28 U.S.C. § 1331 fails, and the Court will have no authority to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. *See*, *e.g.*, *LeBlanc v. Cleveland*, 979 F. Supp. 142, 146 (N.D.N.Y. 1997) ("Without original jurisdiction over at least one claim in the complaint, there

6

can be no exercise of supplemental jurisdiction—there is nothing to 'supplement.'") (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).

**F.     Order**

Upon consideration of the foregoing procedural history, the Court:  **(1) DEEMS** Plaintiffs' October 2, 2023 second amended complaint (ECF Nos. 16, 17) the operative pleading; **(2) REQUIRES** Plaintiffs to show cause, no later than **November 3, 2023**, as to why this case should not be dismissed for lack of subject matter jurisdiction, with particular attention to federal question jurisdiction and their alleged discrimination claim(s); and, (3) should **DEEM MOOT** Defendant UAW Local 6000's motion to dismiss (ECF No. 13).  A failure to comply with the requirement to show cause contained in this order may result in entry of a report and recommendation that this case be dismissed with prejudice for Plaintiffs' failure to prosecute and/or for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (*sua sponte* dismissal for lack of subject matter jurisdiction) and 41(b) ("Involuntary Dismissal; Effect.").  If necessary, the Court will enter an order setting a deadline for Defendants' response to the operative pleading (ECF Nos. 16, 17).

**IT IS SO ORDERED.**[3]

Dated:  October 17, 2023

                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2023.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager

---

[3] To the extent this is an order, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1)(A).  To the extent this is a recommendation, the attention of the parties is drawn to Fed. R. Civ. P. 72(b)(2), which provides a period of fourteen (14) days after being served with a copy of this recommendation within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1)(B),(C).